# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **ACM S32635** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Spencer L. KILCREASE** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; one specification of communicating a threat, in violation of Article 115, UCMJ, 10 U.S.C. § 915; and one specification of aggravated assault, in violation of Article 128, UCMJ, 10 U.S.C. § 928.*

On 18 November 2019, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 130 days, reduction to the grade of E-1, and a reprimand. The military judge credited Appellant with 69 days against his sentence for time Appellant spent in pretrial confinement. On 23 December 2019, the convening authority decided to take no action on Appellant's sentence and the military judge signed the entry of judgment (EoJ) the same day.

Appellant argues the Statement of Trial Results (STR) and EoJ need to be corrected to accurately reflect the substance and timing of an amendment to the Specification of Charge I, to which Appellant pleaded guilty. As amended, the specification alleges that Appellant was derelict in the performance of his duties in that he "negligently failed to register privately-owned *firearms* stored in a residential facility on Maxwell Air Force Base, Alabama, in violation of Maxwell Air Force Instruction 31-113, paragraph 10.6.1., as it was his duty to do." (Emphasis added). Appellant notes that the STR incorrectly states that Appellant failed to register "a firearm" on base, when the specification was changed to allege that he failed to register "firearms." Appellant also notes the EoJ inaccurately states the amended change happened after arraignment,

* All references in this order to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

when the change was made before arraignment. Finally, the EoJ also incorrectly indicates Appellant was serving in the grade of E-3, when he was in the paygrade of E-4, at the time of trial.

"The Judge Advocate General, the Court of Criminal Appeals, and the [United States] Court of Appeals for the Armed Forces may modify a judgment in the performance of their duties and responsibilities." Rule for Courts-Martial (R.C.M.) 1111(c)(2). "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3). "A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2). "A superior competent authority may return a record of trial to the military judge for correction under this rule." *Id.* "[S]uperior competent authorities may also return the [record of trial] back to the Chief Trial Judge, [Air Force Trial Judiciary], for correction of any defective record." Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 13.53.3.3.1 (18 Jan. 2019, as amended by AFGM 2020-1, 8 Apr. 2020).

The errors related to Charge I and its specification do not accurately reflect the results of the court-martial and are within this court's authority to direct correction. R.C.M. 1112(d)(2). Once an accused has been arraigned, no additional charges against that accused may be referred to that court-martial for trial with the previously referred charges. *See* R.C.M. 601(e)(2). The language "after" conveys that Appellant consented to the pen and ink change after arraignment, a change that would have required the Government to prove that Appellant had more than one firearm if the Specification of Charge I had been litigated.

We therefore direct a corrected EoJ by: (1) replacing the word "after" with "before" as to the arraignment in the Specification of Charge I, and (2) changing the Appellant's "Grade" to "E-4" in place of "E-3." Additionally, we direct the EoJ indicate that the Specification of Charge I reflected in the STR is incorrect in that it states "a privately owned firearm" instead of "privately-owned firearms," as was amended in the charge sheet.

Accordingly, it is by the court on this 9th day of November, 2020,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the entry of judgment. Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1111(c)(3). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

On 23 November 2020, counsel for the Government will inform the court in writing of the status of compliance with this order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court